# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA FRICK and JOSEPH FRICK, her husband | CASE NO. 2:15-cv-00360-DSC<br>Honorable David Stewart Cercone |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BIG LOTS STORES, INC.'s MOTION TO EXTEND TIME FRAME TO FILE A RESPONSIVE PLEADING** |
| BIG LOTS STORES, INC. | |
| Defendant | |

FILED ON BEHALF OF:
DEFENDANT, BIG LOTS STORES, INC.

COUNSEL OF RECORD FOR
THIS/THESE PARTIES:

JASON G. WEHRLE, ESQUIRE
PA. I.D. No. 92711

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**
Suite 390, EQT Plaza
625 Liberty Avenue
Pittsburgh, PA 15222
(412) 928-0502
**MSZL&M File No. 009460.000039**

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA FRICK and JOSEPH FRICK, her husband

                  Plaintiffs

vs.

BIG LOTS STORES, INC.

                  Defendant

CASE NO. 2:15-cv-00360-DSC
Honorable David Stewart Cercone

**JURY TRIAL DEMANDED**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BIG LOTS STORES, INC.'s MOTION TO EXTEND TIME FRAME TO FILE A RESPONSIVE PLEADING

**COMES NOW**, the Defendant BIG LOTS STORES, INC., by counsel, Jason G. Wehrle and the law firm of Mintzer, Sarowitz, Zeris, Ledva, & Meyers, LLP, pursuant to Rule 6 of Federal Rules of Civil Procedure, submits the following Memorandum of Law in support of its Motion to Extend Time Frame to File a Responsive Pleading. In support thereof, Defendant Big Lots Stores, Inc. states as follows:

### I. BRIEF RELEVANT FACTUAL BACKGROUND

On March 3, 2015, Plaintiffs filed their Complaint in Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania naming Big Lots Stores, Inc. as the sole Defendant. Shortly thereafter, on March 17, 2015, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)(1) removing the case to the United States District Court for the Western District of Pennsylvania at Pittsburgh. The basis for said removal is the diversity of the parties and the amount in controversy.

In short, the Complaint asserts various causes of action against Big Lots Stores, Inc. in relation to the sale of a specific brand of torch and torch fuel at Big Lots Stores. Those causes of action include: strict products liability based upon the consumer expectations test; the risk/benefit test; misrepresentation of seller to consumer; and inadequate warnings. Additional causes of action include: breach of warranties; violation of the PA Unfair Trade Practices and Consumer Protection Law; negligence; and loss of consortium. The Complaint consists of forty-one (41) pages and ninety-nine (99) paragraphs of allegations against Defendant. Although Defendant requested an extension of time from Plaintiffs' counsel within which to file a responsive pleading, Plaintiffs' counsel has not responded to said request thereby necessitating this motion.

## II. STANDARD OF REVIEW

Rule 6(b) of the Federal Rules of Civil *Procedure* provides:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

## III. ARGUMENT

A. GOOD CAUSE EXISTS TO EXTEND THE TIME FRAME FOR DEFENDANT TO FILE A RESPONSIVE PLEADING

Good cause exists in this action for this Court to grant Defendant Big Lots Stores, Inc. an extension to prepare and file a responsive pleading in this action. As noted above,

3

Plaintiffs' Complaint is voluminous and contains a number of specific factual allegations as to Defendant and its relationship to the Plaintiffs and the products giving rise to the civil action. The Complaint also makes specific factual assertions regarding other civil actions in which Defendant has been a party. Additionally, the Complaint makes factual allegations as to the manner in which Defendant conducts business at its retail store locations across the country. Accordingly, it is necessary that Defendant investigate these specific allegations such that a meaningful response can be provided to the same.

Additionally, due to the complexity of the issues presented, both factually and legally, an extension of time is necessary so that the Complaint may be analyzed and any responsive pleading be drafted in a concise and thorough manner, as opposed to a wide-ranging, less comprehensive responsive pleading. Accordingly, an extension of time to file a responsive pleading is necessary such that undersigned counsel may appropriately respond and meet the issues presented.

B. PLAINTIFFS WILL NOT BE PREJUDICED BY EXTENDING THE TIME FRAME TO RESPOND. IN FACT, SAID EXTENSION WILL ACT TO THE BENEFIT OF PLAINTIFFS.

To the extent Plaintiffs may oppose this Motion on the grounds that extending the time frame for Defendant to file a responsive pleading will prejudice them, this assertion is without merit. This case was only recently filed and served upon Defendants. There has not been a Scheduling Order entered and this matter was only recently brought before this Court following Defendant's Notice of Removal. On the contrary, a failure to provide Defendant with an extension will no doubt prejudice it in the defense of this matter, as the required time for filing a response to Plaintiffs' Complaint is not sufficient to address either the complex legal issues presented or the specific and in-depth factual

4

allegations asserted against this Defendant. If anything, providing Defendant additional time to investigate these issues will only benefit the Plaintiffs as they receive a more detailed accounting of Defendant's position and defenses to the allegations asserted against it. Therefore, Plaintiffs are not prejudiced by an extension of time to file a responsive pleading in this matter on behalf of Defendant Big Lots Stores, Inc.

## IV. CONCLUSION

There is no doubt, due to the complexity of the factual and legal issues presented in Plaintiffs' Complaint, good cause exists to extend the time frame for which Defendant must file a responsive pleading in this matter. Specifically, Defendant moves this Court to allow it an additional thirty (30) days to file a response.

**WHEREFORE**, based upon the foregoing, Defendant moves this Court to enter an Order granting it a thirty (30) day extension to file a responsive pleading in this matter, as well as grant this Defendant all other relief deemed just and proper.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: */s/ Jason G. Wehrle*
_____
JASON G. WEHRLE, ESQUIRE
Attorney for Defendant, BIG LOTS STORES, INC.

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 27th day of March, 2015, a true and correct copy of the within MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BIG LOTS STORES, INC.'s MOTION TO EXTEND TIME FRAME TO FILE A RESPONSIVE PLEADING was provided to the parties, either individually or through their counsel, as listed below, and in the manner indicated:

[X] FIRST CLASS MAIL, POSTAGE PREPAID AT PITTSBURGH, PA 15222

[ ] VIA FACSIMILE TRANSMISSION

[ ] HAND-DELIVERY

Michael C. George, Esquire
LAW OFFICE OF MICHAEL C. GEORGE
The Grant Building
330 Grant Street - Suite 712
Pittsburgh, PA  15219

**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**

BY: */s/ Jason G. Wehrle*
JASON G. WEHRLE, ESQUIRE
Attorney for Defendant,
BIG LOTS STORES, INC.