IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA FRICK and JOSEPH FRICK, her husband, | CASE NO. 2:15-cv-00360-DSC |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| vs. | |
| BIG LOTS STORES, INC., | |
| Defendant | |
| vs. | |
| BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC.; BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD.; DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO; AND HOC INDUSTRIES, INC. f/k/a THE HOME OIL COMPANY f/k/a THE HOME OIL COMPANY, INC. d/b/a HOMESTAR | |

**DEFENDANT BIG LOTS STORES, INC.'S THIRD-PARTY COMPLAINT AGAINST BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC.; BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD.; DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO; AND HOC INDUSTRIES, INC. f/k/a THE HOME OIL COMPANY f/k/a THE HOME OIL COMPANY, INC. d/b/a HOMESTAR**

Defendant, BIG LOTS STORES, INC., by and through counsel, JASON WEHRLE, ESQUIRE, JOSHUA K. BOGGS, ESQUIRE, AND RYAN MICK, ESQUIRE and the law firm of MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP, asserts the following third-party complaint against Bureau Veritas Consumer Products Services, Inc.; Bureau Veritas Consumer Products Services (India) Pvt. Ltd.;

Designco Overseas Private Limited a/k/a Designco India d/b/a Designco; and HOC Industries, Inc. f/k/a The Home Oil Company f/k/a The Home Oil Company, Inc. d/b/a Homestar.

1. This Third-Party Complaint is not to be construed as an admission of liability to the Plaintiffs Diana Frick and Joseph Frick or an admission of any of the factual allegations asserted within Plaintiffs' Complaint. To the contrary, it is denied that Big Lots Stores, Inc. (hereinafter referred to as "Big Lots") is liable to Plaintiffs or any party to be joined in this action for the causes of action alleged in Plaintiffs' Complaint. Accordingly, Defendant's answers to Plaintiffs' Complaint are incorporated herein by reference as though the same were fully set forth. (A copy of Big Lot's Answer and Affirmative Defenses to Plaintiffs' Complaint is attached hereto as Exhibit "A").

2. Plaintiffs Diana Frick and Joseph Frick filed a Complaint in Civil Action naming Big Lots as the sole defendant. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "B"). In general, Plaintiffs allege that Big Lots Stores, Inc. designed, manufactured, purchased for resale, labeled, marketed, distributed, and sold mosaic pot table top torches (hereinafter referred to as "subject torches").[1] Plaintiffs further allege that Big Lots purchased for resale, labeled, marketed, distributed and sold citronella torch fuel (hereinafter referred to as "torch fuel").[2]

3. Although Plaintiffs acknowledge throughout their Complaint that other parties were involved in the design, manufacture, and distribution of the subject torches and torch fuel, Plaintiffs only assert causes of action against Big Lots. Specifically, Plaintiffs acknowledge that HOC Industries, Inc. manufactured the subject torch fuel

---

[1] See Exhibit B, Plaintiffs' Complaint, ¶6-7.
[2] *Id.* at ¶ 8-10.

2

giving rise to Plaintiffs' allegations against Big Lots.[3] Plaintiffs also acknowledge that Designco played a role in the manufacture of the subject torches.[4] Further, Plaintiffs erroneously assert that Big Lots played a role in the testing of the subject torches; however, upon information and belief, Bureau Veritas Consumer Products Services, Inc. and/or Bureau Veritas Consumer Products Services (India) Pvt. Ltd. were the entities tasked with testing the subject torches. Accordingly, Defendant asserts its Third-Party Complaint as follows:

## BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. AND BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD.

4. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 3 of its Third Party Complaint as if alleged fully herein.

5. BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. is a corporation operated for the purpose of accumulating monetary profit and organized under the laws of the State of Massachusetts and has its headquarters and principal place of business in the State of New York, but which does business in a systematic and continuous manner throughout the Commonwealth of Pennsylvania, including the Western District, but does not maintain an agent for service of process in the Commonwealth of Pennsylvania.

6. BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD., ("BV INDIA") is a foreign corporation operated for the purpose of accumulating monetary profit that does business in a systematic and continuous manner throughout the Commonwealth of Pennsylvania, including the Western District, but does

---

[3] *Id.* at ¶ 8.
[4] *Id* at ¶ 7, 12.

not maintain an agent for service of process in the Commonwealth of Pennsylvania. BV INDIA is incorporated in India, and its principal place of business is in Noida, Uttar Pradesh, India.

7. Pursuant to the Hague Service Convention ("Convention on the Service Abroad and Judicial and Extrajudicial Documents in Civil or Commercial Matters") and the law of the Commonwealth of Pennsylvania, BV INDIA may be served by serving a copy of this Complaint with the Citation of Service of Process upon its President, Board of Directors, or Member, or by serving the Pennsylvania Secretary of State, as agent for BV INDIA, and the Pennsylvania Secretary of State forwarding a copy of the process by registered mail, return receipt requested to BV INDIA's home office, or by any other method authorized by the Federal Rules of Civil Procedure and the Hague Service Convention.

8. BUREAU VERITAS and BV INDIA provide services for safety testing and legal compliance for products related to the manufacture and import of products into the United States for sale by retailers. Upon information and belief, BUREAU VERITAS inspected and/or tested the mosaic torch referenced within Plaintiffs' Complaint for safety and compliance prior to its labeling, marketing, importation, distribution, sale, and resale by BV INDIA as agent for BUREAU VERITAS and prior to the sale of the torch by Defendant Big Lots.

9. For purposes of this Third-Party Complaint, Defendant Big Lots incorporates by reference any and all allegations and causes of action relating to inadequate safety testing of the subject torch asserted by Plaintiffs in their Complaint. Specifically, Plaintiffs alleged that Big Lots was negligent in "failing to properly test and

4

inspect the subject torches including, *inter alia* failing to test the subject torches with the torch fuel prior to releasing them into the stream of commerce."[5] Defendant denies responsibility and liability for any damages and/or injuries resulting from inadequate safety inspection and testing and asserts that the responsibility for safety inspection and testing of the subject torch was the sole responsibility of BUREAU VERITAS and BV INDIA.

10. Defendant further asserts that any alleged defect or safety deficiency in the subject torches should have been discovered by BUREAU VERITAS and BV INDIA and, therefore, asserts that any injuries and/or damages sustained by Plaintiffs as a result of the subject torch should be attributed to improper or deficient safety testing and any liability arising from said acts and/or omissions must be attributed to BUREAU VERITAS and BV INDIA.

11. In the event that Plaintiffs are entitled to recover any damages as a result of the injuries/damages alleged within Plaintiffs' Complaint then Big Lots asserts that Third-Party Defendants BUREAU VERITAS and BV INDIA are liable to Big Lots Stores for contribution and/or express and implied indemnity for the reasons set forth in Plaintiffs' Complaint and this Third-Party Complaint.

**WHEREFORE,** based on the foregoing and the referenced factual allegations from Plaintiffs' Complaint, Defendant Big Lots Stores, Inc. asserts the foregoing third-party complaint against Bureau Veritas Consumer Products Services, Inc., and Bureau Veritas Consumer Products Services (India) Pvt. Ltd. and requests that judgment be entered in its favor and against all other parties with costs of suit sustained.

---

[5] *Ex. B* at ¶ 96(f).

## DESIGNCO OVERSEAS PRIVATE LIMITED
## a/k/a DESIGNCO INDIA d/b/a DESIGNCO

12. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 3 of its Third Party Complaint as if alleged fully herein.

13. DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO (hereinafter referred to as "DesignCo"), is a foreign corporation operated for the purposes of accumulating monetary profit and which does business in a systematic and continuous manner throughout the Commonwealth of Pennsylvania, including the Western District, but does not maintain an agent for service of process in the Commonwealth of Pennsylvania.

14. Pursuant to the Hague Service Convention ("Convention on the Service Abroad and Judicial and Extrajudicial Documents in Civil or Commercial Matters") and the law of the Commonwealth of Pennsylvania, DESIGNCO may be served by serving a copy of this Complaint with the Citation of Service of Process upon its President, Board of Directors, or Member: Narayan Kumar Lohia or Narayan Ji: DesignCo Overseas Private Limited; H-193 Sector 63; Noida 201309; Utlar Pradesh, India; or by serving the Pennsylvania Secretary of State, as agent for DesignCo, and the Pennsylvania Secretary of State forwarding a copy of the process by registered mail, return receipt requested to DESIGNCO's home office to: Narayan Kumar Lohia or Narayan Ji: DesignCo Overseas Private Limited; H-193 Sector 63; Noida 201309; Utlar Pradesh, India; or by any other method authorized by the Federal Rules of Civil Procedure and the Hague Service Convention.

15. DesignCo is a large-scale manufacturer and supplier of items distributed and purchased throughout Pennsylvania and the United States. DesignCo's products are

6

supplied to and sold by various retailers across the nation, including Defendant Big Lots. These products include the subject torch giving rise to this civil action.

16. As alleged in their Complaint, Plaintiffs' claims arise out of an allegedly defective glass mosaic tabletop torch manufactured by DESIGNCO and purchased by Big Lots for sale in its retail stores. In the summer of 2012, Big Lots agreed to purchase several styles of mosaic tabletop torches designed and manufactured by DESIGNCO. On or about September 7, 2012, multiple purchase orders relating to the sale and purchase of DESIGNCO mosaic tabletop torch, style no. DC12-21111, were created. These purchase orders among other things, contained the terms and conditions of the contract between DESIGNCO and Big Lots relating to the purchase and sale of DESIGNCO tabletop torches. (*See*, Example Purchase Order attached hereto as Exhibit "C").

17. All of the purchase orders contained the following terms and conditions:

> The purchase order ("PO") constitutes a binding contract between the entity names in the Purchase From box in the PO ("Vendor") and the entity named in the Ship To box in this PO ("Buyer") for the sale and purchase of the goods referenced in this PO ("Goods"). In addition, to the terms and conditions of the PO, the Big Lots Vendor Manual in effect on the date this PO was written ("Vendor Manual") is hereby incorporated into and is made an integral part of this PO.
>
> Vendor [which is defined as Designco] shall indemnify, defend (at Buyer's sole option) and hold harmless Buyer [which is defined as Big Lots] and its affiliates from any and all liabilities, damages, costs, expenses, penalties, claims and/or suits (whether actual or alleged), including without limitation, attorneys' and experts' fees (including attorneys' fees incurred in enforcing Buyer's rights as a result of a breach of Vendor's warranties or a term of this PO or the Vendor Manual), arising from the: (a) acts or omissions of Vendor or Vendor's agents, (b) recall of the Goods, (c) personal injury or property damage resulting from the movement, use or consumption of the Goods, (d) breach of infringement of a third party's intellectual property or proprietary rights, including, but not limited to, trade names, trademarks, trade dress, trade secrets, patents and copyrights, in connection with the use, manufacture, distribution, advertising, use, sale, or offer for sale of the Goods. Vendor

7

shall have no right to limit its liabilities. Vendor acknowledges that this PO was negotiated and without this section Buyer would not have entered into this PO.

18. Between January 21, 2013 and February 18, 2013, DESIGNCO shipped approximately 3980 mosaic tabletop torches, style no. DC12-21111 to Big Lots pursuant to the above referenced purchase orders. Big Lots began selling the torches in its retail stores on or about March 25, 2013.

19. Plaintiffs maintain that they sustained personal injuries when the subject torch exploded. Plaintiffs claim that the product at issue corresponded with DESIGNCO style no. DC12-21111, one of the mosaic tabletop torches manufactured by DESIGNCO and purchased by Big Lots for sale in its stores.

20. Big Lots has answered Plaintiffs' Complaint herein, has denied any liability and/or responsibility to Plaintiffs for their alleged injuries and damages, and has asserted other affirmative defenses. Big Lots avers that if Plaintiffs sustained injuries and damages as alleged in their Complaint, which damages are not admitted but are expressly denied, then such injuries and/or damages were caused by the negligence and/or other legal fault of Third Party Defendant DESIGNCO.

## COUNT I

## CONTRACTUAL INDEMNIFICATION AGAINST DESIGNCO

21. Big Lots incorporates paragraphs 12 through 20 of its Third Party Complaint as if stated fully herein.

22. In the unlikely event Big Lots is found liable to Plaintiff upon any theory of liability pursuant to Plaintiffs' Complaint, which liability is expressly denied, Big Lots

is entitled to indemnification from DESIGNCO, along with attorneys' fees and any other expenses and damages as this Court deems reasonable.

23. DESIGNCO is contractually obligated to indemnify Big Lots. Pursuant to the terms and conditions made a part of the purchase order for DESIGNCO torches, style DC-121111, Big Lots is entitled to recover its reasonable and necessary attorney's fees, reasonable costs and expenses, and any and all reasonable damages incurred (including any settlement of judgment). Big Lots is also entitled to recover its costs of suit and pre-judgment and post-judgment interest as allowed by law.

**WHEREFORE,** based on the foregoing and the referenced factual allegations from Plaintiffs' Complaint, Defendant Big Lots Stores, Inc. asserts the foregoing Third-Party Complaint against DesignCo Overseas Private Limited a/k/a DesignCo India d/b/a DesignCo. and requests that judgment be entered in its favor against DesignCo Overseas Private Limited a/k/a DesignCo India d/b/a DesignCo. along with attorneys fees and costs and against all other parties with costs of suit sustained.

## COUNT II

### CONTRIBUTION, EXPRESS AND OR IMPLIED INDEMNIFICATION AGAINST DESIGNCO

24. Big Lots incorporates paragraphs 12 through 23 of its Third Party Complaint as if stated fully herein.

25. Plaintiffs assert that the subject torch suffered from a number of design defects, including: lack of a fitted wick holder assembly; lack of an extinguishing cap or snuffer device; and inadequate venting mechanism.[6] Based upon these factual allegations, Plaintiffs assert that the subject torch had a defective design and was accompanied by

---

[6] *Ex. B.* at ¶, 14(a)-(c).

inadequate warnings and, therefore, Big Lots is strictly liable for Plaintiffs' injuries and damages.[7] Additionally, Plaintiffs assert that Big Lots violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) and also assert that Big Lots was generally negligent in the design and manufacture of the torch.

26. Plaintiffs acknowledge that Designco designed and manufactured the subject torch.[8] Defendant Big Lots asserts that in addition to designing and manufacturing the subject torch, Designco had a duty to ensure proper labeling of the subject torches and to ensure that proper safety instructions and warnings accompanied the subject torches.

27. For purposes of this Third-Party Complaint, Defendant Big Lots incorporates by reference any and all allegations and causes of action relating to the design, manufacture, labeling, supply, and distribution of the subject torch asserted by Plaintiffs in their Complaint. Defendant Big Lots denies responsibility and liability for any damages and/or injuries resulting from the design, manufacture, labeling, supply, or distribution of the subject torch and asserts that the responsibility for the design, manufacture, labeling, supply, and distribution of the subject torch was the sole responsibility of DesignCo. Accordingly, any liability arising from these actions must be attributed to DesignCo.

28. In the event that Plaintiffs are entitled to recover any damages as a result of the injuries/damages alleged within Plaintiffs' Complaint then Big Lots asserts that Third-Party Defendant DesignCo. is liable to Big Lots for contribution and/or express

---

[7] *See Generally*, Ex. B, Plaintiffs' Complaint, Counts I-IV.
[8] *Id.* at 7, 12-17.

10

and implied indemnity for the reasons set forth in Plaintiffs' Complaint and this Third-Party Complaint.

**WHEREFORE,** based on the foregoing and the referenced factual allegations from Plaintiffs' Complaint, Defendant Big Lots Stores, Inc. asserts the foregoing Third-Party Complaint against DesignCo Overseas Private Limited a/k/a DesignCo India d/b/a DesignCo. and requests that judgment be entered in its favor against DesignCo Overseas Private Limited a/k/a DesignCo India d/b/a DesignCo. along with attorneys fees and costs and against all other parties with costs of suit sustained.

## **HOC INDUSTRIES, INC.**

29. Big Lots incorporates by reference the allegations contained in paragraphs 1 through 3 of its Third Party Complaint as if alleged fully herein.

30. HOC Industries, Inc. f/k/a The Home Oil Company f/k/a The Home Oil Company, Inc. d/b/a Homestar (hereinafter referred to as "HOC"), is a foreign corporation operated for the purposes of accumulating monetary profit, that is organized under the laws of the State of Kansas and maintains its principal place of business at 3511 N. Ohio, Wichita, Kansas 67219. HOC does business in a systematic and continuous manner throughout the Commonwealth of Pennsylvania, including the Western District, but does not maintain an agent for service of process in the Commonwealth of Pennsylvania. HOC's agent for service of process in the State of Kansas is located at 3511 N. Ohio, Wichita, Kansas 67219.

31. HOC produces and distributes combustible and flammable liquids under a variety of brand names, including the trade name "Homestar," to retailers such as Big Lots throughout Pennsylvania and the United States. HOC produced and distributed the

Homestar Citronella Torch Fuel allegedly purchased and utilized by Plaintiffs with the subject torches.

32. Upon information and belief, and as alleged by Plaintiffs in their Complaint the subject torch fuel manufactured by HOC had a flashpoint at or near 102°F, which is substantially lower than the torch fuel that had been previously sold to Big Lots by HOC, which was marketed to Big Lots as having a flashpoint between 141°F and 200°F.[9] On information and belief, at some point, HOC altered its formulation of the torch fuel giving it a lower flash point, yet HOC did not provide notice to retailers and suppliers in general and Big Lots in particular, that it had made changes to the composition of the subject torch fuel in a manner that would decrease the flashpoint. This lower flashpoint produced significantly increased vapor pressure within the body of the subject torches and dramatically increased the explosive power of the torch fuel when and if ignited as compared to traditional citronella oil.[10] HOC marketed and sold the Homestar Citronella Torch Fuel as having a flashpoint over 140°F.

33. HOC was aware that the subject torch fuel was being marketed and sold to consumers for use in a variety of items, including use in the Mosaic Torches manufactured by DesignCo and sold by Big Lots.

34. In 2012, Big Lots agreed to purchase the subject torch fuel from HOC via multiple purchase orders. The purchase orders contained the terms and conditions of the contract between HOC and Big Lots relating to the purchase and sale of HOC torch fuel. (*See*, Example Purchase Order dated 9/27/12 attached hereto as Exhibit "D").

35. All of the purchase orders contained the following terms and conditions:

---

[9] *See*, Ex. B, ¶ 20.
[10] *Id.*

12

The purchase order ("PO") constitutes a binding contract between the entity names in the Purchase From box in the PO ("Vendor") and the entity named in the Ship To box in this PO ("Buyer") for the sale and purchase of the goods referenced in this PO ("Goods"). In addition, to the terms and conditions of the PO, the Big Lots Vendor Manual in effect on the date this PO was written ("Vendor Manual") is hereby incorporated into and is made an integral part of this PO.

Vendor [which is defined as HOC] shall indemnify, defend (at Buyer's sole option) and hold harmless Buyer [which is defined as Big Lots] and its affiliates from any and all liabilities, damages, costs, expenses, penalties, claims and/or suits (whether actual or alleged), including without limitation, attorneys' and experts' fees (including attorneys' fees incurred in enforcing Buyer's rights as a result of a breach of Vendor's warranties or a term of this PO or the Vendor Manual), arising from the: (a) acts or omissions of Vendor or Vendor's agents, (b) recall of the Goods, (c) personal injury or property damage resulting from the movement, use or consumption of the Goods, (d) breach of infringement of a third party's intellectual property or proprietary rights, including, but not limited to, trade names, trademarks, trade dress, trade secrets, patents and copyrights, in connection with the use, manufacture, distribution, advertising, use, sale, or offer for sale of the Goods. Vendor shall have no right to limit its liabilities. Vendor acknowledges that this PO was negotiated and without this section Buyer would not have entered into this PO.

36. Big Lots has answered Plaintiffs' Complaint herein, has denied any liability and/or responsibility to Plaintiffs for their alleged injuries and damages, and has asserted other affirmative defenses. Big Lots avers that if Plaintiffs sustained injuries and damages as alleged in their complaint, which damages are not admitted but are expressly denies, then such injuries and/or damages were caused by the negligence or other legal fault of Third Party Defendant HOC.

## COUNT I

## CONTRACTUAL INDEMNIFICATION AGAINST HOC INDUSTRIES, INC.

37. Big Lots incorporates paragraphs 29 through 36 of its Third Party Complaint as if stated fully herein.

13

38. In the unlikely event Big Lots is found liable to Plaintiff upon any theory of liability pursuant to Plaintiffs' Complaint, which liability is expressly denied, Big Lots is entitled to indemnification from HOC, along with attorneys' fees and any other expenses and damages as this Court deems reasonable.

39. HOC is contractually obligated to indemnify Big Lots. Pursuant to the terms and conditions made a part of the purchase orders for HOC torch fuel, Big Lots is entitled to recover its reasonable and necessary attorney's fees, reasonable costs and expenses, and any and all reasonable damages incurred (including any settlement of judgment). Big Lots is also entitled to recover its costs of suit and pre-judgment and post-judgment interest as allowed by law

40. Big Lots has answered Plaintiffs' Complaint herein, has denied any liability and/or responsibility to Plaintiffs for their alleged injuries and damages, and has asserted other affirmative defenses. Big Lots avers that if Plaintiffs sustained injuries and damages as alleged in their Complaint, which damages are not admitted but are expressly denied, then such injuries or/and damages were caused by the negligence or other legal fault of Cross-Defendant HOC.

**WHEREFORE,** based on the foregoing and the referenced factual allegations from Plaintiffs' Complaint, Defendant asserts the foregoing Third Party Complaint against HOC Industries, Inc. f/k/a The Home Oil Company f/k/a The Home Oil Company, Inc. d/b/a Homestar and requests that judgment be entered in its favor along with attorneys fees and costs and against all other parties with costs of suit sustained.

## COUNT II

### CONTRIBUTION, EXPRESS AND OR IMPLIED INDEMNIFICATION AGAINST HOC INDUSTRIES, INC.

41. Big Lots incorporates paragraphs 29 through 40 of its Third Party Complaint as if stated fully herein.

42. For purposes of this Third-Party Complaint, Defendant Big Lots incorporates by reference any and all allegations and causes of action relating to the design, manufacture, labeling, supply, and distribution of the Homestar Citronella Torch Fuel asserted by Plaintiffs in their Complaint. Defendant denies responsibility and liability for any damages and/or injuries resulting from the design, manufacture, labeling, supply, or distribution of the Homestar Citronella Torch Fuel and asserts that the responsibility for the design, manufacture, labeling, supply, and distribution of the subject torch fuel was the sole responsibility of HOC. Accordingly, any liability arising from these actions must be attributed to HOC.

43. In the event that Plaintiffs are entitled to recover any damages as a result of the injuries/damages alleged within Plaintiffs' Complaint in relation to the design, manufacture, labeling, supply, or distribution of the Homestar Citronella Torch Fuel, then Big Lots asserts that Third-Party Defendant HOC is liable to Big Lots for contribution and/or express and implied indemnity for the reasons set forth in Plaintiffs' Complaint and this Third-Party Complaint.

**WHEREFORE,** based on the foregoing and the referenced factual allegations from Plaintiffs' Complaint, Defendant asserts the foregoing Third Party Complaint against HOC Industries, Inc. f/k/a The Home Oil Company f/k/a The Home Oil

Company, Inc. d/b/a Homestar and requests that judgment be entered in its favor along with attorneys fees and costs and against all other parties with costs of suit sustained.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: */s/Jason G. Wehrle*
JASON G. WEHRLE, ESQUIRE
PA Id. No. 92711
JOSHUA K. BOGGS, ESQUIRE
PA Id. No. 319794
RYAN MICK, ESQUIRE
PA Id. No. 314595
Attorneys for Defendants/Third-Party Plaintiff,
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, hereby certify that on the 14th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system, which will send notification of such filing to all counsel of record.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: */s/Jason G. Wehrle*
JASON G. WEHRLE, ESQUIRE
JOSHUA K, BOGGS, ESQUIRE
RYAN R. MICK, ESQUIRE
Attorneys for Defendant/Third-Party Plaintiff,
BIG LOTS STORES, INC.