# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA FRICK and JOSEPH FRICK, her husband

                Plaintiffs

vs.

BIG LOTS STORES, INC.

                Defendant

CASE NO. 2:15-cv-00360-DSC

**JURY TRIAL DEMANDED**

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

FILED ON BEHALF OF:
DEFENDANT, BIG LOTS STORES, INC.

COUNSEL OF RECORD FOR THIS/THESE PARTIES:

JASON G. WEHRLE, ESQUIRE
PA I.D. No. 92711
JOSHUA K. BOGGS, ESQUIRE
PA I.D. No. 319794
RYAN MICK, ESQUIRE
PA I.D. No. 314595

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**
Suite 390, EQT Plaza
625 Liberty Avenue
Pittsburgh, PA 15222
(412) 928-0502
**MSZL&M File No. 009460.000039**



EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA FRICK and JOSEPH FRICK, her husband,

        Plaintiffs

vs.

BIG LOTS STORES, INC.,

        Defendant

CASE NO. 2:15-cv-00360-DSC

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, BIG LOTS STORES, INC., ("Big Lots") by and through its attorneys, JASON G. WEHRLE, ESQUIRE, JOSHUA K. BOGGS, ESQUIRE, and RYAN MICK, ESQUIRE and MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP, and files the following Answer, Affirmative Defenses and Third-Party Complaint, averring as follows:

### PARTIES

1. In response to Paragraph No. 1 of Plaintiffs' Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein. To the extent a response is required on behalf of this Defendant, Defendant denies the allegations and demands strict proof thereof.

2. Defendant admits the allegations contained in Paragraph No. 2 in Plaintiffs' Complaint.

3. Denied as stated. Defendant Big Lots admits only that it is a retail chain that sells products at various locations throughout the United States. The second sentence of paragraph 3 contains legal conclusions to which no response is required. To the extent

2

a response is required, said allegations are denied. Further, Defendant Big Lots denies that it is publically traded on the New York Stock Exchange, and denies the remaining allegations contained in paragraph 3.

**JURSIDICTION AND VENUE**

4.      Paragraph No. 4 of Plaintiffs' Complaint contains a legal conclusion of which no response is required on behalf of this Defendant.

5.      Paragraph No. 5 of Plaintiffs' Complaint contains a legal conclusion of which no response is required on behalf of this Defendant.

**A. FACTUAL BACKGROUND – PRODUCTS AT ISSUE**

6.      In response to the allegations of Paragraph No. 6 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny the allegations contained therein. To the extent a response is required, Defendant Big Lots denies the allegations contained in paragraph 6 and demands proof thereof.

7.      Denied as stated. Defendant denies the allegation contained within Paragraph No. 7 of Plaintiffs' Complaint that Defendant "designed, in part" the mosaic torches. Defendant states that the mosaic torches were designed and manufactured by Designco, a foreign corporation organized and existing under the country of India. Further, Defendant, Big Lots admits that the mosaic torches referenced in Plaintiffs' Complaint were sold in various Big Lots stores.

8.      In response to Paragraph No. 8 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained therein. To the extent a response is required, Defendant denies the same and demands proof thereof.

9. In response to Paragraph No. 9 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny whether Plaintiffs purchased "citronella torch fuel" under the Homestar brand name. As such, Defendant Big Lots is without sufficient information and/or knowledge to either admit or deny the producer of the torch fuel Plaintiffs allege to have purchased. To the extent a response is required, Defendant denies the same and demands proof thereof. Big Lots admits only that it sold Homestar "citronella torch fuel" at its stores, and that the Homestar "citronella torch fuel" sold at Big Lots stores is produced by HOC, Industries, Inc.

10. In response to Paragraph No. 10 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny whether Plaintiffs purchased "citronella torch fuel" under the Homestar brand name. As such, Defendant Big Lots is without sufficient information and/or knowledge to either admit or deny the producer of the torch fuel Plaintiffs allege to have purchased. To the extent a response is required, Defendant denies the same and demands proof thereof. Big Lots admits only that it sold the Homestar "citronella torch fuel" at its stores, and that the Homestar "citronella torch fuel" sold at Big Lots stores is produced by HOC, Industries, Inc.

11. Denied as stated. Defendant admits only that it used a planogram at its Big Lots locations. Defendant denies all other allegations contained within Paragraph No. 11 of Plaintiffs' Complaint.

## B. FACTUAL BACKGROUND – PRODUCT DEFECTS AT ISSUE

### i. Design Defect – Mosaic Torches

12. Denied as stated. Defendant denies that it participated in the design of the torch at issue. Big Lots also denies that it provided design specifications to Designco. Big Lots admits only that it requested that Designco submit samples of various garden torches. Designco did submit sample torches and Big Lots agreed to purchase certain torches from Designco.

13. Denied as stated. Defendant Big Lots admits only that item number "DC12-21111" was one of the sample torches provided by Designco. The remaining allegations are denied and Big Lots demands strict proof thereof.

14. Paragraph No. 14 of Plaintiffs' Complaint, including subparts (a) – (c), contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 14 including all subparts and demands proof thereof.

15. Paragraph No. 15 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 15 and demands proof thereof.

16. Paragraph No. 16 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 16 and demands proof thereof.

17.     Paragraph No. 17 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 17 and demands proof thereof.

### ii. Design Defect – Marketing, Distribution and Sale of the Torch Fuel with the Subject Torches

18.     In response to Paragraph No. 18 of Plaintiffs' Complaint, Defendant states that the content of the label speaks for itself and no response is required on behalf of this Defendant. To the extent Plaintiffs' allegations misstate, mischaracterize or fail to properly include all of the language contained in the label, said allegations are denied. Further, Defendant Big Lots denies that it "finalized" or in any way drafted the wording of the at issue label. The remainder of the allegations contained within Paragraph No. 18 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations and demands proof thereof.

19.     Defendant Big Lots admits that it did not perform any testing of the subject torches with "Homestar" torch fuel. All testing of the subject torches was completed by Bureau Veritas.

20.     Paragraph No. 20 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 20 and demands proof thereof.

21.     Paragraph No. 21 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is

required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 21 and demands proof thereof.

22.     Paragraph No. 22 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 22 and demands proof thereof.

23.     Paragraph No. 23 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 23 and demands proof thereof.

### iii. Inadequate Labeling and Warnings Defect – Subject Torches and Torch Fuel

24.     Defendant denies the allegations contained within Paragraph No. 24 of Plaintiffs' Complaint and demands proof thereof.

25.     In response to the allegations contained in Paragraph No. 25 of Plaintiffs' Complaint, Defendant states that the content of the label speaks for itself. To the extent Plaintiffs' allegations misstate or mischaracterize the content of the label said allegations are denied. The remainder of the allegations contained within Paragraph No. 25 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations and demands proof thereof.

26.     In response to the allegations contained in Paragraph No. 26 of Plaintiffs' Complaint, including subparts (a) through (d), Defendant states that the content of the label speaks for itself. To the extent Plaintiffs' allegations misstate or mischaracterize the content of the label said allegations are denied. The remainder of the allegations

7

contained within Paragraph No. 26 of Plaintiffs' Complaint, including subparts (a) through (d), are legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations and demands proof thereof.

27.     Paragraph No. 27 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 27 and demands proof thereof.

## C. FACTUAL BACKGROUND – BIG LOTS CUSTOMER LOYALTY REWARD CARD PROGRAM

28.     Defendant admits only that it maintains a Customer Relations Management (CRM) computer/data software platform. Defendant, Big Lots denies that Plaintiffs have accurately summarized and/or characterized the intent and/or development of the CRM.

29.     Defendant admits only that it maintains a customer loyalty rewards club titled "Buzz Club Rewards." Defendant, Big Lots denies that Plaintiffs have accurately summarized and/or characterized the intent and/or development of the program.

30.     Defendant admits only the first two sentences of paragraph 30. Defendant denies that Plaintiffs have accurately summarized and/or characterized the intent of the Buzz Club Rewards program.

31.     Defendant admits that it captures information regarding the purchases of customers using the Buzz Club Reward card.

32.     Denied as stated. Defendant admits only that it maintains a customer loyalty rewards club titled "Buzz Club Rewards." Defendant, Big Lots denies that

Plaintiffs have accurately summarized and/or characterized the interest and/or development of the program.

33. Denied as stated. Defendant admits only that it maintains a customer loyalty rewards club titled "Buzz Club Rewards." Defendant, Big Lots denies that Plaintiffs have accurately summarized and/or characterized the intent and/or development of the program.

34. In response to Paragraph No. 34 of Plaintiffs' Complaint, Defendant states that the Buzz Club Reward program privacy policy speaks for itself and therefore no response is required on behalf of this Defendant to the allegations regarding the same. To the extent Plaintiffs allegations have misstated or mischaracterized the contents of the privacy policy said allegations are denied. In response to the other allegations in Paragraph No. 34, Defendant admits that it can access certain customer purchase history if a customer used the Buzz Club Rewards card at time of said purchase.

35. In response to Paragraph No. 35 of Plaintiffs' Complaint, Defendant admits that it can access certain customer purchase history if a customer used the Buzz Club Rewards card at time of said purchase. The remaining allegations contained in paragraph 35 contain conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph No. 35 of Plaintiffs' Complaint and demands proof thereof.

36. Paragraph No. 36 of Plaintiffs' Complaint does not contain allegations against this Defendant, but rather the mere opinions and conclusions of opposing counsel. To the extent a response is required on behalf of this Defendant, Defendant denies the

opinions and conclusions of opposing counsel contained within Paragraph No. 36 and demands proof thereof.

37.     Plaintiffs have fail to attached the receipt discussed in this paragraph and therefore lack knowledge sufficient to admit or deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.     To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 37.

### D. FACTUAL BACKGROUND – BIG LOTS KNOWLEDGE OF PRODUCT DEFECT BEFORE SALE TO PLAINTIFFS AND BIG LOTS FAILURE TO NOTIFY AND WARN

38.     Defendant admits that it commenced sales of the subject torches in early 2013.

39.     Defendant admits the existence of other personal injury and property damage claims in relation to the subject torches and torch fuel, but denies any assertion that Big Lots "quickly" became aware of such incidents.

40.     In response to Paragraph No. 40 of Plaintiffs' Complaint, Plaintiffs fail to attach the specific "admission filed of record in another legal proceeding" and, therefore, Defendant is unable to either admit or deny the allegations contained within Paragraph No. 40.

41.     Denied as stated.     Defendant admits only the allegations contained within Paragraph 41 of Plaintiffs' Complaint insofar as there have been other incidents involving torches and torch fuel.     The remainder of the allegations within Paragraph No. 41 of Plaintiffs' Complaint contain legal conclusions to which no response is required.     To the extent a response is required, Defendant denies the same and demands proof thereof.

42. Defendant admits only the allegations contained within Paragraph No. 42 that there have been other lawsuits filed against Big Lots as a result of burn injuries allegedly related to the use of products sold by Big Lots. Defendant is without sufficient information and/or knowledge to speculate as to the similarity between the injuries at issue in those suits, and therefore denies those allegations contained in Paragraph No. 42.

43. Paragraph No. 43, including subparagraphs (a) through (e), of Plaintiffs' Complaint contains statements regarding matters of public record to which no response is required on behalf of this Defendant. To the extent Plaintiffs have misstated or misrepresented the matters of public record, said allegations are denied.

44. Paragraph No. 44 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 44 and demands proof thereof.

45. Defendant is without sufficient information and/or knowledge to admit or deny that Mr. Frick purchased the subject torches and torch fuel on April 26, 2013 and demand proof thereof. The remainder of the allegations contained within Paragraph No. 45 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations and demands proof thereof.

46. Paragraph No. 46 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 46 and demands proof thereof.

47. Denied as stated. Defendant admits only the allegation that it issued a "pull and hold" order on April 29, 2013 and that it went into effect on April 30, 2013. Defendant denies the remainder of the allegations in Paragraph No. 47 of Plaintiffs' Complaint and demands proof thereof.

48. Denied as stated. Defendant admits only the allegations contained within Paragraph No. 48 of Plaintiffs' Complaint regarding the additional reports of personal injury and property damage and communications with the United States Consumer Products Safety Commission. However, Defendant denies Plaintiffs' characterizations of said reports and communications.

49. Paragraph No. 49 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 49 and demands proof thereof.

50. Paragraph No. 50 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 50 and demands proof thereof.

51. Paragraph No. 51 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required, Defendant denies the allegations contained therein and demands proof thereof.

### E. FACTUAL BACKGROUND – THE EXPLOSION AND FIRE INJURIES SUSTAINED BY PLAINTIFFS

52. The first sentence of Paragraph No. 52 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the

extent a response is required on behalf of this Defendant, Defendant denies the allegations contained within the first sentence of Paragraph No. 52 and demands proof thereof. Further, Defendant is without sufficient information and/or knowledge to either admit or deny the remaining allegations contained in Paragraph No. 52 of Plaintiffs' Complaint. To the extent a response is required on behalf of this Defendant, Defendant denies the remaining allegations contained therein.

53. In response to Paragraph No. 53 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained therein. To the extent a response is required on behalf of this Defendant, Defendant denies the allegations contained therein.

54. In response to Paragraph No. 54 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained therein. To the extent a response is required on behalf of this Defendant, Defendant denies the allegations contained therein.

55. In response to Paragraph No. 55 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained therein. To the extent a response is required on behalf of this Defendant, Defendant denies the allegations contained therein.

## F. APPLICABLE PRINCIPLES OF LAW – STRICT PRODUCT LIABILITY

56. Paragraph No. 56 of Plaintiffs' Complaint, including subparts (a) – (g), contain legal conclusions and statements of law to which no response is required on behalf of this Defendant. Insofar as Paragraph No. 56, including subparts (a) – (g),

contains any allegations of liability as to Defendant Big Lots, Defendant denies the allegations and demands proof thereof.

**COUNT I**
**STRICT PRODUCTS LIABILITY UNDER §402(a) OF THE**
**RESTATEMENT (SECOND) OF TORTS – DESIGN DEFECT –**
**CONSUMER EXPECTATION TEST**

**DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.**

57.    Defendant Big Lots incorporates by reference its responses to Paragraph Nos. 1 through 56 of Plaintiffs' Complaint.

58.    Defendant Big Lots lack sufficient information to admit or deny the allegations contained in paragraph 58.    To the extent a response is deemed required, Defendant Big Lots denies the allegations contained in paragraph 58 and demand proof thereof.

59.    Paragraph No. 59 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.    To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 59 and demands proof thereof.

60.    Paragraph No. 60 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.    To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 60 and demands proof thereof.

61.    Paragraph No. 61 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.    To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 61 and demands proof thereof.

62.     In response to Paragraph No. 62 of Plaintiffs' Complaint, including subparts (a) through (g), Defendant is without sufficient information and/or knowledge to either admit or deny the specifics of Plaintiffs' alleged injuries and the permanency of the same. Plaintiffs' allegation that the described injuries are a direct and proximate result of the failure of the subject torch and torch fuel is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same and demands proof thereof.

63.     In response to Paragraph No. 63 of Plaintiffs' Complaint, including subparts (a) through (g), Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. Plaintiffs' allegation that the described injuries are a direct and proximate result of the failure of the subject torch and torch fuel is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same and demands proof thereof. By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands proof thereof.

64.     In response to Paragraph No. 64 of Plaintiffs' Complaint, including subpart (a), Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. Plaintiffs' allegation that the described injuries are a direct and proximate result of the failure of the subject torch and torch fuel is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same and demands proof thereof. By way of further answer, Defendant denies that Plaintiffs are entitled t o any damages from Defendant and demands proof thereof.

65.     In response to Paragraph No. 65 of Plaintiffs' Complaint, including subparts (a) through (g), Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs.  Plaintiffs' allegation that the described injuries are a direct and proximate result of the failure of the subject torch and torch fuel is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the same and demands proof thereof.  By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

## COUNT II

### STRICT PRODUCTS LIABILITY UNDER §402(a) OF THE RESTATEMENT (SECOND OF TORTS – DESIGN DEFECT – RISK/BENEFIT TEST

### DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.

66.     Defendant Big Lots incorporates by reference its responses to Paragraph Nos. 1 through 65 of Plaintiffs' Complaint.

67.     In response to Paragraph No. 67 of Plaintiffs' Complaint, Defendant denies that it participated in the design of the subject torch and torch fuel.  The remainder of the allegations contained in Paragraph No. 67 of Plaintiffs' Complaint contain legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendant denies the same and demands proof thereof.

68.     Paragraph No. 68 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.  To the extent a response is

required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 68 and demands proof thereof.

69.    Paragraph No. 69 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 69 and demands proof thereof.

70.    Paragraph No. 70 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 70 and demands proof thereof.

71.    In response to Paragraph No. 71 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor against Plaintiffs with costs and fees to be assessed.

**COUNT III**
**STRICT PRODUCTS LIABILITY UNDER §402(b) OF THE RESTATEMENT (SECOND) OF TORTS – MISREPRESENTATION OF SELLER TO CONSUMER**

**DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.**

72.    Defendant, Big Lots incorporates by reference its responses to Paragraph Nos. 1 through 71 of Plaintiffs' Complaint.

73.    Paragraph No. 73 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is

required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 73 and demands proof thereof.

74. Paragraph No. 74 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 74 and demands proof thereof.

75. In response to Paragraph No. 75 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

## COUNT IV
## STRICT PRODUCTS LIABILITY – INADEQUATE WARNINGS

### DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.

76. Defendant Big Lots incorporates its responses to Paragraph Nos. 1 through 75 of Plaintiffs' Complaint.

77. Paragraph No. 77 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 77 and demands proof thereof.

78. Paragraph No. 78 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is

required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 78 and demands proof thereof.

79.     Paragraph No. 79 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.  To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 79 and demands proof thereof.  Further, in response to Paragraph No. 79 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs.  By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

**COUNT V**
**BREACH OF WARRANTIES**

**DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.**

80.     Defendant Big Lots incorporates by reference its responses to Paragraph Nos. 1 through 79 of Plaintiffs' Complaint.

81.     Paragraph No. 81 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.  To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 81 and demands proof thereof.  Further, Defendant Big Lots denies that it designed the subject torches.

82.     Paragraph No. 82 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant.  To the extent a response is

required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 81 and demands proof thereof.

83.     Defendant denies that is participated in the design of the subject torches and demands proof thereof. The remainder of the allegations in Paragraph No. 83 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required on behalf of this Defendant, Defendant denies the same and demands proof thereof.

84.     In response to Paragraph No. 84 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

**COUNT VI**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW (UTPCPL)**

**DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.**

85.     Defendant Big Lots incorporates its responses to paragraphs 1 through 84 of Plaintiffs' complaint herein.

86.     Paragraph No. 86 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 86 and demands proof thereof.

87.     Paragraph No. 87 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 87 and demands proof thereof.

88.     Paragraph No. 88 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 88 and demands proof thereof.

89.     Paragraph No. 89 of Plaintiffs' Complaint, including subparts (a) through (c), contains legal conclusions and opinions to which no response is required on behalf of this Defendant. In response to any allegation contained within Paragraph No. 89 and its subparts as to the liability of Defendant Big Lots, Defendant denies the same and demands proof thereof.

90.     Paragraph No. 90 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 90 and demands proof thereof.

91.     In response to Paragraph No. 91 of Plaintiffs' Complaint, including subparagraphs (a) through (c) Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs. By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

92.     Paragraph No. 92 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 92 and demands proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

## COUNT VII
## NEGLIGENCE

## DIANA FRICK AND JOSEPH FRICK VS. BIG LOTS STORES, INC.

93.     Defendant Big Lots incorporates its responses to paragraphs 1 through 92 of Plaintiffs' Complaint herein.

94.     Paragraph No. 94 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 94 and demands proof thereof.

95.     Paragraph No. 95 of Plaintiffs' Complaint contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 95 and demands proof thereof.

96.     Paragraph No. 96 of Plaintiffs' Complaint including subparagraphs (a) through (q) contains legal conclusions to which no response is required on behalf of this Defendant. To the extent a response is required on behalf of this Defendant, Defendant denies all allegations within Paragraph No. 96 including subparagraphs (a) through (q) and demands proof thereof.

97.    In response to Paragraph No. 97 of Plaintiffs' Complaint, Defendant is without sufficient information and/or knowledge to either admit or deny the alleged damages of Plaintiffs.    By way of further answer, Defendant denies that Plaintiffs are entitled to any damages from Defendant and demands strict proof thereof.

WHEREFORE, Defendant, Big Lots demands judgment in its favor and against Plaintiffs' with costs and fees to be assessed.

### COUNT VIII
### LOSS OF CONSORTIUM

### JOSEPH FRICK VS. BIG LOTS STORES, INC.

98.    Defendant Big Lots incorporates by reference its responses to paragraphs 1 through 97 of Plaintiffs Complaint herein.

99.    Defendant is without sufficient information and/or knowledge to either admit or deny the allegations contained within Paragraph No. 99 of Plaintiffs' Complaint, but denies that any alleged injuries and/or damages are attributable to the conduct or omissions of Big Lots and demands proof thereof.

WHEREFORE, Defendant, Big Lots Stores, Inc., demands that judgment be entered in its favor and against all other parties with costs to be assessed.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs incurred no injuries or damages as a result of any acts or omissions by the Defendant.

## THIRD AFFIRMATIVE DEFENSE

The incidents, injuries and/or damages alleged to have been sustained by Plaintiffs were not directly or proximately caused by the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The acts or omissions, breach of warranty, or breach of contract were the result of other persons or entities over whom the Defendant had no control, right to control or responsibility thereover and constitute an intervening, superseding cause of the injuries and/or damages alleged to have been sustained by Plaintiffs, and as such the Defendant is not liable.

## FIFTH AFFIRMATIVE DEFENSE

Any product sold or distributed by the Defendant was not a substantial contributing factor to any injury or damage alleged to have been sustained by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Plaintiffs' contributory or comparative negligence and/or assumption of the risk.

## SEVENTH AFFIRMATIVE DEFENSE

Based on information and belief, it is averred that any alleged injury to Plaintiffs was a result of their own negligence, which exceeded any negligence of the Defendant, all such negligence being expressly denied and, therefore, Plaintiffs' contributory and/or comparative negligence bars Plaintiffs' claims.

## EIGHTH AFFIRMATIVE DEFENSE

If the product in question was used and did not act or perform as intended, said averment being expressly denied, then said product was not being used in the manner or for the purpose intended.

## NINTH AFFIRMATIVE DEFENSE

If the product in question was used and did not act or perform as intended, said averment being expressly denied, then said product was abused, misused and/or badly maintained.

## TENTH AFFIRMATIVE DEFENSE

If the product in question was used and did not act or perform as intended, said averment being expressly denied, then said product was substantially altered, modified or changed materially from the time of sale and shipment until the time of the alleged incident.

## ELEVENTH AFFIRMATIVE DEFENSE

All expressed warranties were and/or are properly limited, disclaimed, excluded or modified.

## TWELFTH AFFIRMATIVE DEFENSE

All implied warranties were and/or properly limited, disclaimed, excluded or modified.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claim based upon breach of warranty is barred and/or limited by the terms of any such alleged warranty.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claim based upon breach of warranty is barred by the Plaintiffs to give proper notice of any such alleged breach.

### FIFTEENTH AFFIRMATIVE DEFENSE

If any expressed or implied warranty was extended to Plaintiffs, Plaintiffs are estopped from, or has waived, any claim for breach of such warranty due to their misconduct, failure to comply with the provisions of any such warranties and/or misuse of the product.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs has failed to mitigate his alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant denies any negligence, breach of warranty, strict liability, or any duty on its part.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to join a party in whose absence complete relief cannot be accorded among those already parties.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendant intends to rely on all legal and factual defenses not heretofore mentioned, including but not limited to: absence of legal duty, absence of primary negligence; lack of proximate cause; intervening or superseding cause; laces; misjoinder; nonjoinder; lack of personal jurisdiction; improper venue; and *forum non conveniens.*

## TWENTIETH AFFIRMATIVE DEFENSE

The subject product was not unreasonably dangerous at the time it left the control of Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to read and/or heed the warnings provided with the subject product.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The state of the art at the time that the subject product was designed, assembled, manufactured, sold, supplied or distributed and the prior history of the use of the product would not have warranted or required any material damage in design or manufacture.

**WHEREFORE,** having fully responded to the Plaintiffs' Complaint, Defendant Big Lots Stores, Inc. respectfully requests that judgment be entered in its favor with costs of suit sustained.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY:  /s/ Jason G. Wehrle, Esq.

JASON G. WEHRLE, ESQUIRE
JOSHUA K. BOGGS, ESQUIRE
RYAN MICK, ESQUIRE
Attorneys for Defendant
BIG LOTS STORES, INC.

I, the undersigned, hereby certify that on the 30th day of April, 2015, a true and correct copy of the within ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT was provided to the parties, either individually or through their counsel, via the Court's ECF system and in the manner indicated:

[X]     FIRST CLASS MAIL, POSTAGE PREPAID AT PITTSBURGH, PA 15222

[ ]     VIA FACSIMILE TRANSMISSION

[ ]     HAND-DELIVERY

Michael C. George, Esquire
LAW OFFICE OF MICHAEL C. GEORGE
The Grant Building
330 Grant Street, Suite 712
Pittsburgh, PA 15219

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

*/s/ Jason G. Wehrle*

BY:_____

JASON G. WEHRLE, ESQUIRE
Attorney for Defendant,
BIG LOTS STORES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANA FRICK and
JOSEPH FRICK, her husband

Civil Action No. 2:15-cv-00360-DSC

vs.

or

Criminal Action No. _____

BIG LOTS STORES, INC.

## DISCLOSURE STATEMENT

Pursuant to Local Rule 7.1.1 of the Western District of Pennsylvania and to enable Judges and Magistrate Judges to evaluate possible disqualification or recusal, the undersigned counsel for _____ Big Lots Stores, Inc. _____, in the above captioned action, certifies that the following are parents, subsidiaries and/or affiliates of said party that have issued shares or debt securities to the public:

Big Lots, Inc.

or

Pursuant to Local Rule 7.1.1 of the Western District of Pennsylvania and to enable Judges and Magistrate Judges to evaluate possible disqualification or recusal, the undersigned counsel for _____ _____, in the above captioned action, certifies that there are no parents, subsidiaries and/or affiliates of said party that have issued shares or debt securities to the public.

5/1/2015 _____

Date

/s/ Jason G. Wehrle

Signature of Attorney or Litigant