IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA FRICK and JOSEPH FRICK, her husband | ) Civil Action No. 2:15-cv-00360 )  ) |
| Plaintiffs, | ) JUDGE CERCONE ) |
| vs. | ) ) |
| BIG LOTS STORES, INC. | ) ) |
| Defendant. | ) ) |
| vs. | ) ) |
| BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC.; BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD.; DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO; AND HOC INDUSTRIES, INC. f/k/a THE HOME OIL COMPANY f/k/a THE HOME OIL COMPANY, INC. d/b/a HOMESTAR | ) ) ) ) ) ) ) ) ) ) ) |
| Third Party Defendants. | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ALLOW DISCOVERY TO BEGIN AGAINST DEFENDANT BIG LOTS STORES, INC., OR FOR OTHER ALTERNATIVE RELIEF**

AND NOW, come the Plaintiffs, Diana Frick and her husband Joseph Frick, by and through their attorney, Michael C. George, Esquire, and file the within Reply Brief in Support of Plaintiffs' Motion to Allow Discovery Against Defendant Big Lots Stores, Inc. ("Big Lots").

Seven months have passed since Plaintiffs filed their complaint against Big Lots as the sole defendant and five months have passed since Big Lots has filed its answer to the complaint.  The parties have also engaged in a failed mediation and Plaintiffs now wish to begin *written* discovery against Big Lots.  Big Lots opposes on the grounds that allowing Plaintiffs to begin written discovery against Big Lots will hinder judicial economy and/or prejudice the rights of certain foreign Third Party Defendants who are not expected to be served for an additional sixty to ninety days.  Defendant's argument is without merit for the following reasons:

1. Allowing Plaintiffs to immediately begin *written* discovery of Big Lots in no way unfairly prejudices Big Lots or any of the Third Party Defendants, whether served yet or not.  Big Lots claims of possible "duplicative efforts by all involved" manifest a deep misunderstanding of written discovery under the rules.  Written discovery exists between any requesting party and an individual respondent.  An individual respondent has a duty under the rules to respond to each individual written discovery request directed to it no matter how many different parties make those requests or when, so long as made pursuant to the rules.  Big Lots must answer Plaintiffs' written discovery requests individually at some time and should the Third Party Defendants ever seek written discovery from Big Lots it must respond to those requests individually as well.[1]  Since there is no common or standard set of written discovery that Plaintiffs or the Third Party Defendants are obligated to propound to Big Lots for its convenience, the rules

---

[1] Of course, no party, including the Third Party Defendants, is obligated to engage in written discovery and Plaintiffs have no way of knowing whether they will instantly.  The Third Party Defendants are also defendants with Big Lots in multiple other federal lawsuits arising from the exploding subject torches and have already engaged in substantial written discovery between one another regarding their rights and duties for the alleged product defects in other jurisdictions.   Thus, it is conceivable that the Third Party Defendants could possibly forgo written discovery in this action.

2

clearly contemplate and approve the practice of "duplicative" written discovery requests served upon one party by multiple differing requesting parties. This is a common occurrence in almost all multi-party lawsuits. Thus the burden on Big Lots is the same—they must respond to each parties written discovery request individually when those requests are made. Therefore, there can be no unfair prejudice to Big Lots by being compelled to respond to Plaintiffs written discovery requests now because it shall be compelled under the rules to do so eventually;[2]

    2.    Moreover, Plaintiffs' written discovery requests directed to Big Lots will, in large part, pertain to claims for punitive damages related to Big Lots failure to warn Plaintiffs of the dangerous defect when they had knowledge of prior injuries and had the capability of easily providing notice to Plaintiffs of the danger before the explosion that harmed Plaintiffs. This punitive damage claim is directed to Big Lots only with respect to its pre and post-sale duties to Plaintiffs as purchasers and which in no way relates to any claims or defenses of the Third Party Defendants. Thus, Plaintiffs' initial written discovery requests of Big Lots will focus to a large degree on the identification of Big Lots personnel and their actions and omissions after receiving notice of injuries from the torches. There shall be no involvement with any of the Third Party Defendants in this punitive damage claim because it only involves Big Lots conduct as seller of the product and not the product itself. Thus, Plaintiff should not be compelled to wait on the arcane vagaries of international service of process to begin discovery that is solely directed to Big Lots and cannot implicate the conduct of any Third Party Defendant;

---

[2] It may be more convenient for Big Lots to wait before answering Plaintiffs' written discovery, but mere inconvenience to one party only does not manifest unfair prejudice.

3. Further, allowing Plaintiffs to begin written discovery of Big Lots may well accelerate the possibility of settlement in this matter. From Plaintiff's perspective, the previous mediation in July 2015 failed due to Big Lots failure to properly evaluate its risk of a large punitive damage award being entered against it. Plaintiffs therefore wish to begin discovery of Big Lots in order to establish, *inter alia,* an evidentiary basis in support of that punitive damage claim. It is Plaintiffs' argument that this discovery may provide strength for Plaintiffs (or perhaps even Big Lots) in a subsequent mediation that Big Lots still continues to contemplate in its Memorandum of Law. Production of some evidence on the record regarding the punitive damage issues may well make settlement of this matter more likely as it will cause the parties to reconsider their positions in light of that evidence. Further, the continued absence of this important evidence will hinder any subsequent efforts at a fully informed and meaningful resolution;

4. Plaintiffs are limiting their requested relief to written discovery and shall not seek to undertake oral testimony absent further order of court. Plaintiffs recognize that the taking of oral testimony now could result in duplicative efforts given that the foreign Third party Defendants have yet to be served.

5. Finally, allowing Plaintiffs to begin written discovery of Big Lots without further delay will promote the salutary goal of the rules of a just and speedy determination of this matter. Denying Plaintiff's relief will result in further delay in the discovery process to Plaintiffs' unfair prejudice.

Therefore, Plaintiffs respectfully request that the court enter an Order granting the relief requested in Plaintiff's Motion and do not oppose Defendant's proposal that

4

this court grant an order allowing discovery to begin amongst all parties current served in this matter.

Respectfully Submitted,

LAW OFFICE OF MICHAEL C. GEORGE

By:  /s/ Michael C. George
Michael C. George, Esquire
Attorney for Plaintiff
Law Office of Michael C. George
330 Grant Street, Suite 712 Grant Building
Pittsburgh, PA  15219
Phone:  (412)-566-2299
Fax:  (412) 471-2120
Email:  mgeorge@mikegeorgelaw.com
Pa ID:  43662