**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DIANA FRICK and JOSEPH FRICK, her husband,

                        Plaintiffs,

          vs.

BIG LOTS STORES, INC.,

                        Defendant,

          vs.

BUREAU VERITAS CONSUMER
PRODUCTS SERVICES, INC.; BUREAU
VERITAS CONSUMER PRODUCTS
SERVICES (INDIA) PVT. LTD.;
DESIGNCO OVERSEAS PRIVATE
LIMITED a/k/a DESIGNCO INDIA d/b/a
DESIGNCO; AND HOC INDUSTRIES,
INC. f/k/a THE HOME OIL COMPANY
f/k/a THE HOME OIL COMPANY, INC.
 d/b/a HOMESTAR,

                   Third-Party Defendants.

CASE NO. 2:15-cv-00360-DSC

Honorable David Stewart Cercone

**BIG LOTS STORES INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO
CONDUCT JURISDICTIONAL DISCOVERY AS TO THIRD-PARTY DEFENDANT
DESIGNCO OVERSEAS PRIVATE LIMITED A/K/A DESIGNCO INDIA
D/B/A DESIGNCO**

      Defendant and Third-Party Plaintiff Big Lots Stores, Inc. ("Big Lots") by and through its

undersigned counsel, Jason G. Wehrle, Esquire, MINTZER SAROWITZ ZERIS LEDVA &

MEYERS, LLP, Zach Mayer, Sara J. Krumholz Esquire and KANE RUSSELL COLEMAN &

LOGAN, P.C. file this Brief in Support of its  Motion for Leave to Conduct Jurisdictional

Discovery as to Third Party Defendant Designco Overseas Private Limited a/k/a Designco India

d/b/a Designco ("Designco"), requesting jurisdictional discovery prior to the Court ruling on

Designco's pending Motion to Dismiss for Lack of Personal Jurisdiction and in support thereof state as follows:

## I.   INTRODUCTION

This is a product liability action whereas the Frick Plaintiffs sued Big Lots for injuries allegedly resulting from a defective mosaic tabletop tiki torch sold by Big Lots.  The torch at issue was manufactured by Designco, an Indian company, and purchased for resale by Big Lots.

Big Lots filed a Third-Party Complaint against Designco for manufacturing an allegedly defective torch that is purported to have caused or contributed to the Frick Plaintiffs' injuries. Designco has answered and litigated a related case in Texas but refused to accept service in this matter, forcing service via the Hague Convention.  Service was only recently completed through the Hague Convention and Designco almost immediately filed a Motion to Dismiss for Lack of Personal Jurisdiction, which is pending.  Designco would not agree to participate in jurisdictional discovery.   Accordingly, Big Lots was forced to file its Motion for Leave to Conduct Jurisdictional Discovery, and this Brief in Support, requesting the Court allow jurisdictional discovery to take place prior to the Court ruling on Designco's Motion to Dismiss for Lack of Personal Jurisdiction.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves a mosaic tabletop tiki torch Big Lots began to sell in March of 2013 (hereafter referred to as the "subject torch".)  The torch was designed and manufactured by Designco and sold in Big Lots retail stores nationwide.[1]  By the end of April 2013, some of Big Lots' customers began to report incidents where the subject torch could flare up and emit burning lamp oil onto consumers and property, posing fire and burn hazards. Plaintiff Diane Frick alleges

---

[1] See Exhibits A, Affidavit of Sara Krumholz and A-1, the Quality Test Request Form.

severe injuries from such an incident. Big Lots pulled the subject torch from its shelves in April 2013 and ultimately issued a full recall.

The subject torch was designed and manufactured by Designco, an Indian Company.[2] Designco holds itself out as offering quality and safe products for export into the United States.[3] Designco is a large scale manufacturer and supplier of items distributed and purchased throughout Pennsylvania and the United States. Designco's products are supplied to and sold by various retailers across the nation, including not only Big Lots but Walmart, Target, Kmart, Kohl's, Lowe's, Bed Bath & Beyond, Pier 1 Imports, Sears, Costco, Bombay, Yankee Candle and JC Penney.[4]

Designco entered into purchase orders with Big Lots on or about September 7, 2012 for the subject torches to ship in January and February 2013.[5] Designco specifically warranted that the subject torches complied in every respect with all laws, rules and regulations of the United States and each state of the United States, and were produced, manufactured, imported, distributed, packaged and labeled in compliance with all local laws, rules and regulations and each state and the United States.[6]

Designco further contracted to indemnify Big Lots from any and all liabilities, damages, attorneys' fees and expert fees arising out of the acts or omissions of Designco, the recall of the subject torch, personal injury or property damage resulting from the subject torch, or breach of Designco's warranties.[7]

---

[2] *See Id.*
[3] See Exhibits A and A-1. *See also* Exhibit A-2, Designco's Company Profile as displayed on its website. *See also* Exhibit A-3, a list of Designco's clients as displayed on its website. *See also* Exhibit A-4, Designco's purchase orders with Big Lots.
[4] *See* Exhibit A-3.
[5] *See* Exhibit A-4.
[6] *See* Exhibit A-4, paragraph 11.
[7] *See* Exhibit A-4, paragraph 12.

As alleged in their Complaint, Plaintiffs' claims arise out of alleged defects with the subject torch. [Document 1-3].  In general, the Frick Plaintiffs allege that Big Lots designed, tested, manufactured, purchased for resale, labeled, marketed, distributed, and sold subject torches. [Document 1-3]. However, the Frick Plaintiffs acknowledge throughout their Complaint that Designco played a role in the manufacture of the subject torches. [Document 1-3].  Yet the Plaintiffs only filed claims against Big Lots. [Document 1-3].

Big Lots in turn has filed third-party claims against the manufacturer of the torch, Designco, the manufacturer of the torch fuel, HOC Industries, Inc., and the third party testing companies for the torch, Bureau Veritas Consumer Products Services, Inc. and Bureau Veritas Consumer Products Services (India), Ltd. [Document 14][8] Big Lots was diligent and thorough in its efforts to facilitate the service process on Designco as quickly as possible by engaging local Indian counsel and by keeping in regular contact with the Indian Central Authority on the status of service.  Service on Designco was completed on or about July 26, 2016.  Big Lots granted Designco an extension of its answer deadline and Designco filed its Motion to Dismiss on September 9, 2016.   [Document 127].[9]

## III.    ARGUMENT

Designco filed an affidavit in support of its Motion to Dismiss alleging in part that it has no physical presence in Pennsylvania, does not own or lease property in Pennsylvania, does not hold a bank account in Pennsylvania, conduct any business operations in Pennsylvania or direct marketing to Pennsylvania. [Document 127-3].

---

[8] All of the third-parties were Defendants or were moved to be added as Responsible Third Parties in a related Texas litigation involving the torch recall and no jurisdictional disputes arose.  *See* Exhibit A and A-5, Affidavit of Sara Krumholz attaching the Docket Sheet of *Mejia v. Big Lots Stores, Inc.*, et al., Civil Action No. 5:13-cv-504.

[9] However, Designco has previously answered in the *Mejia* lawsuit filed in Texas. *See* Exhibit A-5.  It was only after its insurance policy had been maximized that it seeks to be dismissed claiming lack of personal jurisdiction.

In responding to a Motion to Dismiss on jurisdictional grounds, plaintiffs need not take defendant's analysis of the facts without a chance to probe further. *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 283–84 (3d Cir. 1994). Rather, the Third Circuit has repeatedly found that [plaintiffs] are entitled to conduct discovery into the jurisdictional facts. *See Id. See also Rocke v. Pebble Beach Co.,* 541 Fed. Appx. 208, 212–13 (3d Cir. 2013); *see also Toys "R' Us,* 318 F.3d at 456 (citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997)); *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances,* 723 F.2d 357, 362 (3d Cir.1983).

The Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Numerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C.Cir.1991) ("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."); *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982) ("When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss. In an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery."); *Fraley v. Chesapeake & Ohio Ry. Co.,* 397 F.2d 1, 3 (3d Cir.1968) (holding that district court erred in refusing to direct defendant to answer interrogatories designed to elicit responses relevant to whether personal jurisdiction could be exercised over defendant).

The Third Circuit has instructed that unless a plaintiff's claim is "clearly frivolous," jurisdictional discovery should be allowed. *Toys "R' Us,* 318 F.3d at 456 (citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997)). Further, the Third Circuit Court has found jurisdictional discovery particularly appropriate where a defendant is a corporation. *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances,* 723 F.2d 357, 362 (3d Cir.1983). ("'A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of a full discovery.' ") (quoting *Surpitski v. Hughes–Keenan Corp.,* 362 F.2d 254, 255–56 (1st Cir.1966)). And accordingly, district courts have been found to have abused their discretion when jurisdictional discovery is denied.  *Rocke*,, 541 Fed.Appx. at 213 (concluding that the district court abused its discretion in denying the Rockes' request for jurisdictional discovery.)

In the *Rocke v. Pebble Beach Co.* case, the Third Circuit agreed with the plaintiff that jurisdictional discovery was necessary because the business-related information they sought was in the sole possession of Pebble Beach. *Id.* The Third Circuit relied on precedent where it found similar information imbalance can hinder the district court's ability to determine whether jurisdiction exists under the Pennsylvania long arm statute. *Id*., citing *Toys "R" Us,* 318 F.3d at 456–57. *Rocke v. Pebble Beach Co.*, 541 Fed. Appx. 208, 212–13 (3d Cir. 2013).

And similarly, in *Renner v. Lanard Toys*, *Ltd*., the Third Circuit reversed a dismissal order to allow for jurisdictional discovery to take place. 33 F.3d 277, 283–84 (3d Cir. 1994). In *Rennar,* the case was initially disposed of without giving Renner any opportunity to pursue the normal discovery process because the defendant moved to dismiss within days of the case being removed. *See Id*. Lanard submitted a written statement supported by an affidavit, from its

managing director, asserting that Lanard manufactured toys in Hong Kong and did not sell or manufacture toys in Pennsylvania; that Lanard owned no real property in Pennsylvania; that it had no employees, offices, post office boxes or bank accounts in Pennsylvania; that it had no exclusive distributors, or any financial interest in or control over any of its distributors; and that it had no way of knowing or controlling where distributors market its products.

In response, the Renners presented little evidence that would connect Lanard with Pennsylvania other than providing some test results and showing the toys were still being sold in Pennsylvania. *Id.* at 278.  Even so, the Third Circuit found jurisdictional discovery could elicit information on the question of whether Lanard selling toys to Trade Power Associates, Ltd., (which apparently was a buying agent for a retailer) might constitute marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  *See Id.* at 283. The *Renner* Court further reasoned that jurisdictional discovery may ascertain whether advertisements for Lanard Toys were viewed or heard in Pennsylvania, whether Lanard designs its toys with a market in mind that includes Pennsylvania, how many Lanard products are sold in Pennsylvania, and/or whether Lanard participates in toy shows that are aimed at selling toys to a multi-state market that includes Pennsylvania. *Id.* Accordingly, the Third Circuit found the district court should have deferred ruling on the motion and given the plaintiffs time to conduct discovery so that they could attempt to ascertain whether there was the kind of purposeful availment that would show minimum contacts. *Id.*

Accordingly, this Court should also allow Big Lots time to conduct jurisdictional discovery prior to ruling on Designco's Motion to Dismiss.  Big Lots has worked diligently for nine months to bring Designco into the case.  Thereafter, Designco immediately sought to be

dismissed, depriving Big Lots of the opportunity to conduct any discovery regarding its relation to Pennsylvania.

While it is Big Lots' position that Designco has a multitude of United States-based clients and is the product manufacturer for a multitude of products sold generally in the United States and specifically in Pennsylvania, it nonetheless requires jurisdictional discovery to prove these issues and determine if sufficient contacts exist.

For instance, the Designco website specifically advertises a list of twelve customers, all national United States retailers with a presence in Pennsylvania.[10]   These clients include not only Big Lots,[11] but Walmart, Target, Kmart, Kohl's, Lowe's, Bed Bath & Beyond, Pier 1 Imports, Sears, Costco, Bombay, Yankee Candle and JC Penney.[12]   Hundreds, if not thousands or more of Designco products are likely sold throughout the United States through these retailers, including in Pennsylvania.   Jurisdictional discovery is necessary to prove these issues and determine if sufficient contacts exists. Additionally, the extent the website is focused on advertising, obtaining and servicing United States customers, including Pennsylvania customers, are issues that need to be explored through jurisdictional discovery.

Designco's website does note that it is intricately related to a larger entity, Lohia Group, which provides Designco with "global resources, technology and capital" to serve its United States customers.[13]  It is unknown the extent Designco and Lohia Group are related or may serve as agents of one another. It is also unknown what contacts Lohia Group may have with Pennsylvania. These are issues that would be explored during jurisdictional discovery.  Lohia related entities also appear related to Designco Global and discovery is needed to determine the

---

[10]   *See* Exhibit A-3.
[11]   Big Lots is no longer a customer and has asked to be removed from Designco's website.
[12] *See* Exhibit A-2.
[13] *Id.*

relation between Designco and Designco Global as well as any relevant contacts to Pennsylvania.

Just as was found by the *Renner* Court, here jurisdictional discovery may ascertain whether advertisements for Designco, or its affiliates, were viewed or heard in Pennsylvania, whether Designco designed, manufactured, labeled or tested its products with a market in mind that includes Pennsylvania, how many Designco products are sold in Pennsylvania, and/or whether Designco participates in any trade shows that are aimed at selling products in the United States, including in Pennsylvania.

In addition, Designco specifically warranted that the subject torches complied in every respect with all laws, rules and regulations of each state of the United States and were produced, manufactured, imported, distributed, packaged and labeled in compliance with all local laws, rules and regulations and each state of the United States.[14]  Discovery is necessary to determine what laws, rules and regulations Designco specifically considered in regards to Pennsylvania.

Designco may argue that it already submitted to discovery in a related Texas matter. However, that discovery was not jurisdictionally focused as Designco did not challenge jurisdiction in the Texas matter and there certainly was no discovery conducted as to Designco's contacts in Pennsylvania.

Designco chose to do business with United States companies knowing the products it manufactured would be sold throughout the United States, including in Pennsylvania.  Given Designco's extreme culpability in the damages alleged by the Plaintiffs as the manufacturer of the allegedly defective subject torch, it is only reasonable that Big Lots be allowed to fully investigate Designco and its affiliates' contacts with Pennsylvania as well as its contacts with

---

[14] See Exhibit A-4, paragraph 11.

United States national retailers as a whole so that a thorough and fair determination can be made as to the Court's personal jurisdiction over Designco.

## IV.    CONCLUSION

For the reasons stated above, this Court should grant Big Lots leave to conduct jurisdictional discovery as to Designco and withhold ruling on Designco's Motion to Dismiss until such discovery is completed.

Respectfully submitted on October 12, 2016:

**KANE RUSSELL COLEMAN & LOGAN PC**

BY: */s/ Sara J. Krumholz*
    JASON G. WEHRLE, ESQUIRE
    PA Id. No. 92711
    JOSHUA K. BOGGS, ESQUIRE
    PA Id. No. 319794
    ZACH T. MAYER, ESQUIRE
    *Pro Hac Vice*
    SARA J. KRUMHOLZ, ESQUIRE
    *Pro Hac Vice*

    Attorneys for Defendant/Third-Party Plaintiff,
    BIG LOTS STORES, INC.

**CERTIFICATE OF CONFERENCE**

Sara J. Krumholz, one of the attorneys for Big Lots, has verbally and electronically conferred with Ben Sorisio, one of the attorneys for Designco, about the substance of this Motion and Brief in Support and Designco is opposed to jurisdictional discovery.

                          s/ Sara J. Krumholz
                          Sara J. Krumholz

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 12th day of October, 2016, a true and correct copy of the within **MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO THIRD-PARTY DEFENDANT DEFENDANT DESIGNCO OVERSEAS PRIVATE LIMITED A/K/A DESIGNCO INDIA D/B/A DESIGNCO**. was provided to the parties via the Court's ECF System as follows:

Michael C. George, Esquire
LAW OFFICE OF MICHAEL C. GEORGE
The Grant Building
330 Grant Street - Suite 712
Pittsburgh, PA 15219
*Counsel for Plaintiffs*

Donald H. Smith, Esquire
Todd A. Gray, Esquire
LEWIS, BROSBOIS, BISGAARD & SMITH, LLP
429 Fourth Avenue – Suite 805
Pittsburgh, PA 15219
*Counsel for Defendant, HOC Industries, Inc. f/k/a The Home Oil Company f/k/a The Home Oil Company, Inc. d/b/a Homestar*

Jason G. Wehrle, Esquire
Managing Partner, Pittsburgh Office
Joshua K. Boggs, Esquire
Ryan R. Mick, Esquire
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP
EQT Plaza
625 Liberty Avenue, Ste 390
Pittsburgh, PA 15222
Office: 412.928.0502
*Counsel for Defendant/Third Party Plaintiff, Big Lots Stores, Inc.*

Sharon Z. Hall, Esquire
ZIMMER KUNZ, PLLC
310 Grant Street – Suite 3000
Pittsburgh, PA 15219
*Counsel for Third-Party Defendants, Bureau Veritas Consumer Products Services, Inc. and Bureau Veritas Consumer Products Service (India) Pvt. Ltd.*

Eric Blumenfeld, Esquire
HUGHES HUBBARD & REED LLP
101 Hudson Street – Suite 3601
Jersey City, NJ 07302-3910
*Counsel for Third-Party Defendant, Bureau Veritas Consumer Products Services, Inc. and Bureau Veritas Consumer Products Service (India) Pvt. Ltd.*

KANE RUSSELL COLEMAN & LOGAN PC


BY: */s/ Sara J. Krumholz*
JASON G. WEHRLE, ESQUIRE
PA Id. No. 92711
JOSHUA K. BOGGS, ESQUIRE
PA Id. No. 319794
ZACH T. MAYER, ESQUIRE
*Pro Hac Vice*
SARA J. KRUMHOLZ, ESQUIRE
*Pro Hac Vice*

Attorneys for Defendant/Third-Party Plaintiff,
BIG LOTS STORES, INC.