IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA FRICK and JOSEPH FRICK, her husband,<br><br>Plaintiffs,<br><br>vs.<br><br>BIG LOTS STORES, INC.,<br><br>Defendant,<br><br>vs.<br><br>BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC.; BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT, LTD.; DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO; and HOC INDUSTRIES, INC. f/k/a THE HOME OIL COMPANY f/k/a THE HOME OIL COMPANY, INC. d/b/a HOMESTAR,<br><br>Third-Party Defendants. | CASE NO: 2:15-cv-00360-DSC<br><br><br>**HONORABLE DAVID S. CERCONE**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br><br>BENJAMIN SORISIO, ESQUIRE<br>PA I.D. No. 85668<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**RESPONSE IN OPPOSITION TO THIRD-PARTY PLAINTIFF
BIG LOTS STORES, INC.'S MOTION FOR LEAVE TO CONDUCT
JURISDICTIONAL DISCOVERY AS TO DESIGNCO OVERSEAS
PRIVATE LIMITED A/K/A DESIGNCO INDIA D/B/A DESIGNCO**

I.   **PROCEDURAL HISTORY**

This is a products liability action involving a complaint filed by plaintiffs Diana Frick and Joseph Frick against Big Lots Stores, Inc. ("Big Lots") wherein plaintiffs allege Diana Frick sustained personal injuries while using a glass mosaic tabletop torch ("the tabletop torch"). *See* Docket, Doc. 1, Ex. 3. On May 14, 2015, Big Lots filed a third-

{P1264031.1}

party complaint against Designco Overseas Private Limited a/k/a Designco India d/b/a Designco ("Designco") which seeks to recover contractual indemnification, contribution and implied indemnification from Designco. See Docket, Doc. 14.

On September 9, 2016, Designco filed a motion to dismiss Big Lots' third-party complaint based upon lack of personal jurisdiction. See Docket, Doc. 126. In summary, this Court lacks general jurisdiction because Designco has never had any contacts or affiliations with Pennsylvania to establish the requisite systematic and continuous contacts with Pennsylvania. This Court lacks specific jurisdiction because Designco has never directed any of its activities at Pennsylvania, Big Lots' claims do not arise out of, or relate to, any activities of Designco alleged to have been directed at Pennsylvania, and the assertion of jurisdiction over Designco would violate the principles of fair play and substantial justice by causing an unreasonable burden on Designco by having to defend this lawsuit from India, including engaging in discovery. On October 12, 2016, Big Lots filed a motion for leave to conduct jurisdictional discovery as to Designco. See Docket, Docs. 132 and 133.

For the reasons fully set forth below, Big Lots' motion for leave to conduct jurisdictional discovery as to Designco should be denied.

## II.   ARGUMENT

"[A] trial court 'has discretion to refuse to grant jurisdiction discovery' and 'may deny jurisdictional discovery where a plaintiff has failed to meet its burden of making out a prima facie case of personal jurisdiction.'" Bell v. Fairmont Raffles Hotel International, 2013 WL 6175717, *7 (W.D. Pa. November 25, 2013), quoting Arch v. American Tobacco Co., Inc., 984 F.Supp. 830, 841 (E.D. Pa. 1997).

2

{P1264031.1}

Jurisdictional discovery should not be allowed if the plaintiff's claim is "clearly frivolous." *See Massachusetts School of Law at Andover, Inc. v. American Bar Association*, 107 F.3d 1026, 1042 (3d Cir. 1997), *citing Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983). A mere unsupported allegation that a defendant "transacts business" in an area is "clearly frivolous." *Massachusetts School of Law at Andover*, 107 F.3d at 1042, *citing Garshman v. Universal Resources Holding, Inc.*, 641 F.Supp. 1359, 1366 (D. N.J. 1986).

To be permitted jurisdictional discovery, a plaintiff must present factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state." *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010), *citing Toys R Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2010); *see also Interstate Chemical Co., Inc. v. Ingram Barge Co.*, 2014 WL 1493629, *6 (W.D. Pa. April 15, 2014); *Bell*, 2013 WL 6175717, *7. However, a plaintiff may not undertake a fishing expedition based only upon bare allegations under the guise of jurisdictional discovery. *See Eurofins*, 623 F.3d at 157, *citing Belden Technologies, Inc. v. LS Corp.*, 626 F.Supp.2d 448, 459 (D. Del. 2009); *see also Interstate Chemical*, 2014 WL 1493629, *6.

**A.  Because Big Lots Fails to Make a Prima Facie Case of Jurisdiction Over Designco and Fails to Show With Reasonable Particularity that Jurisdictional Discovery Would Establish the Existence of the Requisite Contacts Between Designco and Pennsylvania, Big Lots' Motion for Leave to Conduct Jurisdictional Discovery as to Designco Should Be Denied.**

Big Lots attaches as exhibits to its brief in support of motion for leave to conduct jurisdictional discovery Big Lots' quality test request form, a "company profile" page from

3

{P1264031.1}

Designco's website, a list of Designco's clients that Big Lots states is displayed on Designco's website, and three purchase orders between Big Lots and Designco. Big Lots requests jurisdictional discovery relating to: Designco's advertisements viewed or heard in Pennsylvania, Designco's manufacturing of products with the Pennsylvania market in mind (including considering Pennsylvania's laws and regulations), how many products Designco sold in Pennsylvania, whether Designco participated in trade shows aimed at selling products in Pennsylvania, and information relating to the Lohia Group identified on Designco's website.

Big Lots' exhibits are devoid of any reference to facts from which it could be inferred that Designco has ever had any contacts, let alone continuous and systematic contacts, with Pennsylvania, purposely directed its activities at Pennsylvania, or that the underlying claims arise out of any activities of Designco in Pennsylvania.[1] In addition, Big Lots fails to set forth any argument or otherwise establish that the information Big Lots requests in discovery would establish general or specific jurisdiction over Designco. Consequently, Big Lots' motion for leave to conduct jurisdictional discovery as to Designco should be denied. *See Bell*, 2013 WL 6175717, *7 (holding plaintiff is not permitted to conduct discovery on the issue of jurisdiction when plaintiff failed to show that additional discovery would reveal that personal jurisdiction may exist).

In addition, Big Lots' reliance on *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994) is misplaced. In *Renner*, a plaintiff was injured when using a toy

---

[1] The purchase orders attached as Exhibit A-4 to Big Lots' motion clearly state that the products are freight on board (FOB) at Nhava Sheva, India. In regard to Designco's website pages attached as Exhibits A-2 and A-3 to Big Lots' motion, non-interactive websites can never provide the basis for the exercise of personal jurisdiction. *See Bell*, 2013 WL 1291005, *5 (W.D. Pa. March 27, 2013), *citing Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997); *see also Nationwide Contractor Audit Service, Inc. v. National Compliance Management Services, Inc.*, 622 F.Supp.2d 276 (W.D. Pa. 2008).

4

{P1264031.1}

manufactured by Lanard Toys in Hong Kong and sold to independent distributors. *See Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 278 (3d Cir. 1994). The toy was had been purchased at McCrory's Store in Pennsylvania. *See id.* The toy had been supplied to McCrory's Store by its buying agent, Trade Powers Associates, which purchased the toy from Lanard Toys in Hong Kong. *See id.* In response to Lanard Toys' motion to dismiss for lack of jurisdiction, plaintiffs presented an affidavit detailing that Lanard Toys' toys are still sold in Pennsylvania. *See id.*, at 278-79. Plaintiffs also submitted two test reports listing McCrory's Stores located in York, Pennsylvania and detailing tests performed to determine compliance with McCrory's Stores' protocol. *See id.*, at 278-79. The test reports were directed to a representative of Lanard Toys. *See id.*, at 278-79. Based upon this ambiguous evidentiary record, and the fact that plaintiffs had less than a month to respond to Lanard Toys' motion to dismiss and the case was dismissed several days after plaintiffs' response, the *Renner* court permitted jurisdictional discovery. *See id.*, at 283-84.

Unlike the *Renner* case, Big Lots is fully aware of all facts and possesses all documents to attempt to establish personal jurisdiction over Designco, including the process through which the tabletop torch arrived in Pennsylvania. For example, Big Lots' third-party complaint alleges that Big Lots purchased the tabletop torch from Designco. *See* Docket, Doc. 14, ¶16. Big Lots alleges Big Lots was the distributor and seller of the tabletop torch. *See id.*, ¶18. Big Lots also alleges that Designco "shipped" the tabletop torch to Big Lots and Big Lots sold the tabletop torch. *See id.* In addition, Big Lots alleges that third-party defendant, Bureau Veritas inspected and/or tested the tabletop torch for safety and compliance prior to its labeling, marketing, importation,

distribution, sale, and resale by Big Lots. *See id.*, ¶8. Big Lots also possesses all documentation relative to the product's testing, purchase, shipping, distribution and sale. Therefore, jurisdictional discovery is unwarranted. *See Rocke v. Pebble Beach Co.*, 541 Fed.Appx. 208, 212-13 (3d Cir. 2013) (discovery is necessary when the business-related information being sought is in the sole possession of a corporation).

Moreover, unlike the plaintiffs' "ambiguous" record in the *Renner* case, Big Lots has failed to present any factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between Designco and Pennsylvania.

Because Big Lots has failed to make a prima facie case of jurisdiction over Designco and also has failed to show that jurisdictional discovery would establish the existence of the requisite contacts between Designco and Pennsylvania, Big Lots' motion for leave to conduct jurisdictional discovery as to Designco should be denied. *See Eurofins, supra.*; *see also Interstate Chemical Co.*, 2014 WL 1493629, \*6; *Bell*, 2013 WL 6175717, \*7 (holding plaintiff is not permitted to conduct discovery on the issue of jurisdiction when plaintiff failed to make a prima facie case of jurisdiction over defendant and also has failed to show that additional discovery would reveal that personal jurisdiction may exist); *Croyle v. Hutchinson*, 2012 WL 2358999, \*5-6 (W.D. Pa. June 12, 2012); *N.A. Water Systems, LLC v. Allstates Worldcargo, Inc.*, 2014 WL 5022536 (W.D. Pa. August 12, 2014).

### III.   CONCLUSION

Based on the reasons stated above, Big Lots' motion for leave to conduct jurisdictional discovery as to Designco should be denied, and Big Lots' third-party

complaint and all claims against Designco should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) based upon lack of personal jurisdiction.

                                            Respectfully submitted,

                                            MEYER, DARRAGH, BUCKLER,
                                            BEBENEK & ECK, PLLC

Date: October 26, 2016                By: /s/ Benjamin Sorisio
                                            PAUL R. ROBINSON, ESQUIRE
                                            PA I.D. No. 65581
                                            BENJAMIN SORISIO, ESQUIRE
                                            PA I.D. No. 85668

                                            Attorneys for Designco Overseas
                                            Private Limited a/k/a Designco India
                                            d/b/a Designco

                                            U.S. Steel Tower, Suite 4850
                                            600 Grant Street
                                            Pittsburgh, PA 15219
                                            Telephone: (412) 261-6600
                                            Fax: (412) 471-2754
                                            Email: probinson@mdbbe.com
                                                      bsorisio@mdbbe.com

{P1264031.1}

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| X | Electronic Mail / CM/ECF Filing |

at the following address:

Michael C. George, Esquire
mgeorge@mikegeorgelaw.com
Ryan Crivella, Esquire
rcrivella@mikegeorgelaw.com
Law Office of Michael C. George
330 Grant Street, Suite 712
Pittsburgh, PA 15219
*(Counsel for plaintiffs)*

Jason G. Wehrle, Esquire
jwehrle@defensecounsel.com
Joshua K. Boggs, Esquire
jboggs@defensecounsel.com
Ryan Mick, Esquire
rmick@defensecounsel.com
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
Suite 390, EQT Plaza
625 Liberty Avenue
Pittsburgh, PA 15222
AND
Sara J. Krumholz, Esquire
skrumholz@krcl.com
Zach T. Mayer, Esquire
zmayer@krcl.com
Kane Russell Coleman & Logan PC
1601 Elm Street, Suite 3700
Dallas, TX 75201
*(Counsel for Big Lots Stores, Inc.)*

Eric K. Blumenfield, Esquire
eric.blumenfeld@hugheshubbard.com
Hughes Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302
AND
Joseph F. Butcher, Esquire
butcher@zklaw.com
Sharon A. Hall, Esquire
hall@zklaw.com
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh, PA 15219
*(Counsel for Bureau Veritas Consumer Products Services, Inc.; Bureau Veritas Consumer Products Services (India))*

Donald H. Smith, Esquire
donald.smith@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
429 Fourth Avenue, Suite 805
Pittsburgh, PA 15219
*(Counsel for HOC Industries, Inc. f/k/a the Home Oil Company f/k/a The Home Oil Company, Inc. d/b/a Homestar)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, PLLC

Date: October 26, 2016    /s/ Benjamin Sorisio
                          PAUL R. ROBINSON, ESQUIRE
                          BENJAMIN SORISIO, ESQUIRE